IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE

_____

JOHN JACO,

     Petitioner/Appellant

v.

DEPARTMENT OF HEALTH,
BUREAU OF MEDICAID

     Respondent/Appellee

Davidson Chancery No. 95-192-III
C.A. No. 01-A-01-9507-CH-00285

Hon. Robert S. Brandt, Chancellor



**FILED**

**December 10,
2001**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

THOMAS F. BLOOM, Nashville, Attorney for Petitioner/Appellant

CHARLES W. BURSON, Attorney General & Reporter, and MICHELLE K. HOHNKE,
Assistant Attorney General, Nashville
Attorneys for Respondent/Appellee

*AFFIRMED*

Opinion Filed:

_____

TOMLIN, Sr. J.

     This appeal involved judicial review of an administrative decision regarding the denial of petitioner's application for benefits for care at a nursing home facility. The chancellor granted the motion to dismiss of the Department of Health, Bureau of Medicaid ("respondents" or by name) on the ground that the trial court did not have subject matter jurisdiction due to the failure of petitioner[1] to cause a summons to be properly issued and served on the Department within the sixty (60) day time limit specified in T.C.A. § 4-5-322(b)(1). The sole issue presented for review by this court is whether the chancellor erred in dismissing petitioner's suit for judicial review for lack of subject matter jurisdiction. We find no error and affirm.

_____

[1]Mr. Jaco incorrectly identified the parties in his petition for review in the chancery court by naming himself as "respondent/appellant" and the Department of Health, Bureau of Medicaid as "petitioner/appellee." Inasmuch as Jaco commenced the action in chancery court, he is actually the petitioner. The Department of Health, Bureau of Medicaid should be identified as the respondent.

1

Petitioner applied for a preadmission evaluation (PAE) so as to make him eligible for Medicaid benefits for care at an Intermediate Care Facility (ICF). See T.C.A. § 71-5-107(a)(15) (1995). This is required because the Department of Health will not reimburse an ICF unless the Department has approved a PAE for this individual. Tenn. Comp. R. & Regs. r. 1200-12-1-.10(2) (1983). On November 21, 1994, the Department issued a final order denying petitioner's PAE application.

The Uniform Administrative Procedures Act (UAPA) provides judicial review for an individual who is aggrieved by a final decision of a state agency in a contested case. T.C.A. § 4-5-322(b)(1) (1991). Judicial review may be obtained as follows:

> (b)(1) Proceedings for review are instituted by filing a petition for review in the chancery court of Davidson County, unless another court is specified by statute. Such petition shall be filed within sixty (60) days after the entry of the agency's final order thereon.
>
> (2) . . . Copies of the petition shall be served upon the agency and all parties of record, including the attorney general and reporter, in accordance with the provisions of the Tennessee Rules of Civil Procedure pertaining to service of process.

T.C.A. § 4-5-322(b)(1) & (2) (1991).

On January 18, 1995, Jaco filed a petition in the Chancery Court of Davidson County seeking review of the Department's final order. At that time he mailed a copy of the petition to the office of the state Attorney General and to the Department of Health. However, he failed to file and cause to be issued a summons. Petitioner did not file a summons until March 24, 1995. In granting the Department's motion to dismiss, the chancellor held that the petitioner's late filing and issuance of the summons was a jurisdictional defect as a matter of law.

It is undisputed that Jaco filed his petition for review within the 60 day

period as set out in T.C.A. § 4-5-322(b)(1). It is also undisputed that he failed to file and caused to be issued a summons until well after the 60 day period had expired.

## THE EFFECT OF SERVICE OF PROCESS

Although not directly relevant, by way of background we first take a look at Rule 3 of the Tennessee Rules of Civil Procedure as it existed prior to this litigation. It read as follows:

> All civil actions are commenced by filing a complaint with the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be returned served or unserved . . . .

T.R.C.P. 4.01 called for the clerk of the court upon the filing of a complaint to ?forthwith" issue the required summons and cause it along with the complaint to be served upon the person sued.

Rule 3 was amended by the general assembly, effective July 1, 1992. Amended Rule 3, directly relevant to the litigation before us, reads in pertinent part as follows:

> All civil actions are commenced by filing a complaint <u>and summons</u> with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint <u>and summons</u>, whether process be issued or not issued and whether process be returned and served or unserved. . . .

T.R.C.P. 3 (emphasis added). The Advisory Commission Comment to the 1992 amendment states that ?[t]he burden of preparing the summons is placed on the lawyer, who should take steps to ensure that it is issued and placed in the hands of a deputy sheriff or private process server <u>immediately after filing</u>." (emphasis

3

added). Although the facts are somewhat dissimilar, in <u>Southwest Motor Freight, Inc. v. Department of Commerce & Ins.</u>, No. 01-A-01-9209-CH-00371, 1993 WL 82423 (Tenn. App. Mar. 24, 1993) this court noted the different effect to be had as a result of the 1992 amendment to Rule 3. Although the litigation in <u>Southwest Motor Freight</u> began during the time that the former Rule 3 was in effect, that court noted that ?[u]nder the amended Rule 3 the filing of both a complaint and a summons is required to commence a case for purposes of the 60-day limitation statute." Id. at *3.

In the recent case of <u>HRA, Inc. v. Tennessee Dep't of Commerce & Ins.</u>, No. 01-A-01-9503-CH-00087, 1995 WL 458983 (Tenn. App. Aug. 4, 1995), which we deem relevant and to a large degree controlling, petitioner properly filed and thereafter served copies of a petition for review by mail within 60 days of the entry of the final order of the agency. There was nothing in the record to indicate that process was filed and served on any party. <u>Id.</u> at *2. HRA contended that although it failed to name a proper party in its original petition for review, it nonetheless put the respondent on notice by mailing a copy of the petition to the attorney for the omitted party. <u>Id.</u>

In the case before us, petitioner seeks to have this court excuse his failure to timely file process (summons) against the Department on the grounds that the Department received notice of the filing of the petition for review by virtue of a copy of the petition being mailed to its counsel—the Attorney General—and thus the Department would not be prejudiced.

In <u>HRA</u>, the middle section of this court noted that ?[t]he 60 day limit is not procedural but jurisdictional. The Courts have no more authority to extend the 60 day time for petitions for review than they would have to extend the 30 day time for notice of appeal." <u>HRA, Inc.</u> at *5. For the same reason we reject the

4

argument of petitioner. Although Jaco's petition for review was timely filed pursuant to T.C.A. § 4-5-322, his failure to have a summons filed and issued within the 60 day ?statute of limitations period" amounted to a jurisdictional defect.

Accordingly, the decree of the chancellor is affirmed in all respects. The cost in this cause on appeal taxed to petitioner, for which execution may issue if necessary.

_____
TOMLIN, SR. J.


_____
(CONCURS)


_____
(CONCURS)